Thomas Cowen and Patrick Cowen, Plaintiffs in Error, *v.* The People.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

In determining the criminality of false pretences, it is necessary to consider the ability or capacity of the person to whom they are presented, to detect the falsity of them.

Under our statute, it is not necessary in an indictment for obtaining money, &c., under false pretences, to charge all the pretences which were used to influence the party to part with his money.

It is proper to instruct the jury, that false pretences made by one of several prisoners, in pursuance of an agreement, should be chargeable against all.

Cowen et al. *v.* The People.

What is not charged in an indictment need not be proved.

If the party, deceived by false pretences, is proved to have been unacquainted with the kind of property passed upon him, it is proper for a jury to consider that fact, in determining the *quo animo* of the parties accused.

A jury should, in making up their verdict, consider all the instructions together, and not decide the case upon any one of them.

At the July term, 1852, of the Recorder's Court for the city of Chicago, R. S. Wilson, presiding, Thomas Cowen and Patrick Cowen were indicted, tried, and convicted, for devising and intending to cheat and defraud one Ransom Wilkinson of certain moneys, goods, and choses in action, by representing to him that a certain watch which they proposed to sell, and did sell to him, was a gold watch, of the value of one hundred and twenty-five dollars, of the best California gold, &c., obtaining from Wilkinson fifty dollars therefor, when the said watch was galvanized, and not worth more than five dollars. The first instruction asked by the accused was as follows: " If the jury shall believe, from the evidence in the case, that the witness, Ransom Wilkinson, by an exercise of common prudence and caution on his part, would have been enabled to avoid being imposed upon by the pretences in evidence, the case is not within the statute, and the verdict should be for the defendants;" which the court refused to give, as asked, but modified it, by adding the following words: " In applying this instruction, the jury will consider the evidence that complainant was a farmer, and knew nothing about such articles."

The fourth instruction was as follows: " That they cannot find in this case one defendant guilty of one of the false pretences stated in the indictment, and the other defendant guilty upon another of the false pretences stated in the indictment, but the jury, before they can find both defendants guilty, must believe from the evidence that both defendants made the representations, or some material one of them, as charged in the indictment," which the court refused to give as asked, but modified the same by adding the words, " or that both agreed that the one should make them."

The court, of its own motion, gave the following instructions: 1st. " The fact, that the defendants selected such a man as the prosecuting witness, entirely unacquainted with such an article as the watch in question, is proper evidence to be considered by the jury, in determining as to the intent of the defendants." 2d. " The jury will, in determining or being governed by the instructions of the court, take all the instructions on both sides together, and not determine the case upon any one instruction alone."

P. Ballingall, for plaintiffs in error.

W. H. L. Wallace, district attorney, for the people.

Caton, J.   We do not think it necessary to go into an examination in detail of the objections raised by the defendants' counsel to the admissibility of evidence which was introduced on the part of the prosecution. We have examined it carefully, and think the objections were properly overruled. The objection to the competency of the jurors is untenable. The law gave the recorder's court jurisdiction of the offence; and the same law said that the case should be tried by tax payers of the city into whose treasury the fine is directed to be paid ; so that the law did expressly provide, that the interest which the jury might have in augmenting the city revenue, and thus diminishing their taxes, should be no objection to their competency as jurors. The serious and important questions in the case arise upon the instructions.

The qualification which the court added to the first instruction asked for, on the part of defendants, was unquestionably proper; without the qualification, the instruction would have been improper. In determining the criminality of the false pretences used by the prisoners, it was necessary for the jury to consider the ability or capacity of the person to whom they were addressed, to detect the falsehood.   Should an article, the essential value of which consisted in its color, be offered to a person fully possessed of the sense of sight, and with every opportunity of inspection, with the pretence, that it was white, when in fact it was black, under such circumstances, the false pretence might be very innocent, because it was not calculated to deceive; while the same pretence made to a blind person, would be calculated to deceive, and might subject the party to punishment.

The second and third instructions asked were refused ; and they present the question, Whether it is necessary to charge in the indictment all of the false pretences which were used by the prisoners, and which influenced the prosecutor to part with his money ?   We do not think that this is at all times necessary under the statute.   Indeed, it would be often impracticable. We must consider the nature of the offence, and the character of the means used to perpetrate it.   In some cases, the means of deception used are few and easily stated; while in others, they may be numerous and complicated, involving a vast amount of detail, all of which it might be almost impossible to spread out in an indictment; and yet all may have combined in accom-

plishing the imposition, while it would be impossible for the person imposed upon to say which, or how many, of these minute circumstances might have been absent, and yet the imposition successful. We approve of the rule which has been repeatedly laid down, that if the main inducing cause of the imposition is stated in the indictment, that is sufficient, although there may have been other minor false pretences made which had their influence, and, possibly, without which these main inducing causes might have been inadequate to produce the result. Although the sacks might not have broken the camel's back without the straw, yet if the sacks are specified without the straw, that must be sufficient. Here the inducement omitted in the indictment, which finally turned the scale in the mind of the prosecutor, was not a false pretence, in fact, but was a false promise. It had no relation to the supposed existence of a fact, but was the promise of a future reward. The false pretence had been made, and was exerting its influence upon the mind of the prosecutor; and although it may have been tempting, it was not sufficient to accomplish the purpose designed. A makeweight was still wanting. Then comes the promise of an advance of five or six dollars upon the price demanded for the watch. This turned the scale, and the money was obtained. It may rarely occur, that the falsehoods alone which are uttered are the sole influences which produce the effect. They may, and most generally are, ingeniously combined with truths. Nay, expressions of countenance, a smiling face, an appearance of frankness and of truth, may often prove decisive, while the false pretences, uttered or expressed, would have proved unavailing. Will it be pretended, that all those should be inserted in the indictment? In the case of Commonwealth *v.* Drew, 19 Pick. 183, the court lay down a rule as to what must appear in such a case as this, in these words: " That the false pretence, either with or without the coöperation of other causes, had a decisive influence upon the mind of the owner, so that, without their weight, he would not have parted with his property."

The qualification to the fourth instruction simply informed the jury, that false pretences, made by one of the prisoners, in pursuance of an agreement made between the two, were chargeable against both; and was clearly right.

The qualification to the fifth instruction, which informs the jury, that what is not charged in the indictment is not material to be proved or considered, was not erroneously added.

The substance of the sixth instruction, as modified and given, was this: That if the main inducing motive which influenced the witness to part with his money, was the expectation that

the prisoner Thomas would pay him the advance of five or six dollars, then the prisoners should be acquitted; but that a different result might follow, if this expectation formed only a part of the inducement. This rule accords with what we have said in considering the second and third instructions.

There is no doubt of the correctness of the two instructions asked for on the part of the prosecution, and given by the court. The first states, that if the false representations were made in pursuance of a mutual agreement between the defendants, it was immaterial which actually made them; both were equally liable. And the second states, that if any portions of the false representations charged in the indictment and proved, induced the prosecutor to part with his property, and that both defendants coöperated in them, that would warrant a conviction.

The instructions given by the court, without the request of either party, remain to be considered. The first is in these words: " The fact that the defendants solicited such a man as the prosecuting witness, entirely unacquainted with the watch in question, is proper evidence to be considered by the jury in determining as to the intent of the defendants." At first, we were inclined to think that this instruction trenched upon the peculiar province of the jury, by instructing them that a certain fact had been proved, while it is for the jury alone to determine from the evidence what facts have been established by the proof; but upon a more careful examination of the instruction, we think that such was not the intention of the court, or the understanding of the jury. There was uncontradicted evidence, directly to the point referred to in the instruction, that the prosecutor was unacquainted with the kind of property in question; and this evidence it was undoubtedly proper for the jury to consider, in determining the *quo animo* of the defendants; and the latter part of the instruction calls the attention of the jury to that evidence, and shows that it was framed with that design only. It has often been determined that the whole instruction must be taken together to decide correctly upon its legality or propriety. We must look to the whole instruction; and when thus considered, if it may be reasonably supposed to have misled the jury, or that they understood it as withdrawing the evidence from them, and not allowing them to determine for themselves, whether the evidence did show that the prosecutor was unacquainted with this kind of property; then the instruction was wrong, and should not have been given. But we think the jury could not have so understood the instruction, and have no doubt they deliberated upon that fact as uncontrolled by the court as upon any other fact in the case. It was right that they

should be told that this evidence should not be overlooked in considering with what intent the defendants were influenced in doing the act complained of. The instruction might, no doubt, have been so worded as to have presented substantially the same idea to the jury, and have been less subject to criticism; and courts cannot be too careful, in so framing their instructions, as not to have the least appearance of an attempt to influence the jury in their determination of facts, especially in criminal cases; but we ought not to be so astute or critical in the construction of an instruction, as to hold it to determine a question of fact for the jury, unless it was so intended and understood; such, we think, was not the case here, and hence we do not feel called upon to reverse this judgment because it was given.

The other instruction given by the court, directed the jury to consider all the instructions which had been given them together, and not to determine the case upon any one of them alone, without considering the others. Such, it is hardly necessary to say, was the duty of the jury.

Upon the whole case, we are of opinion the judgment should be affirmed.

*Judgment affirmed.*