[Crim. No. 280. Second Appellate District.—June 18, 1913.]

THE PEOPLE, Respondent, v. E. L. JOHNSON, Appellant.

CRIMINAL LAW—INDICTMENT—CHARGING DIFFERENT OFFENSES.—Under section 954 of the Penal Code as amended in 1905, an indictment or information may charge different offenses, but they must all relate to the same act, transaction, or event.

ID.—CONSPIRACY—SECTION 182 OF PENAL CODE.—To do all of the things enumerated in the different subdivisions of section 182 of the Penal Code, defining criminal conspiracy, amounts to the same offense only.

ID.—INDICTMENT—JOINDER OF OFFENSES.—An indictment in two counts which charges conspiracy to falsely accuse a person with drawing a check without funds, and, as part of the same transaction, with conspiracy to obstruct justice by having him arrested while presiding at a criminal trial in which the alleged conspirators were defendants, is not demurrable as charging two offenses.

ID.—OVERT ACT—NECESSITY OF ALLEGING AND PROVING.—To sustain a conviction of such criminal conspiracy, it is necessary to allege and prove not only the making of the conspiracy, but the commission of some act to effect the object thereof.

ID.—INSTRUCTIONS AS TO OVERT ACT—WHEN ERRONEOUS.—An instruction to the effect that the overt act, which the prosecution was re-

quired to prove in order to make out a case against the appellant, was any act which, in the opinion of the jury, might appear to be done in pursuance of the agreement of conspiracy, is erroneous.

APPEAL from a judgment of the Superior Court of Imperial County and from an order refusing a new trial. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was prosecuted for the offense defined in section 182 of the Penal Code. The indictment contained two counts, in the first of which it was charged that defendant with two other persons conspired to falsely accuse one A. C. Loveland before the recorder of the city of Imperial with having issued a check on the First National Bank of Holtville without having sufficient funds or credit at that bank to meet the check on presentation. The second count set forth in the preliminary portion thereof that as a part of the same act and transaction alleged in the first count, defendants conspired to pervert and obstruct justice and the due administration of the laws by falsely charging said Loveland with the crime of drawing and uttering a check knowing that he had not sufficient funds in or credit at the bank upon which the check was drawn, and to procure a warrant of arrest and have said Loveland arrested while he was engaged in hearing the criminal cause in which appellant and others were defendants, thereby discrediting said Loveland as recorder and prejudicing the prosecution in the criminal cause then being tried. It was further charged in the second count that pursuant to that conspiracy the said Loveland was arrested while he was presiding in his court and while he was engaged in hearing a criminal cause in which this defendant and two other alleged conspirators were defendants. The jury returned a verdict finding the defendant guilty under the second count of the indictment and he was thereafter sentenced to pay a fine of one thousand dollars, in default of which it was ordered that

he should be confined in the county jail for a period of six months. A motion for a new trial having been made and denied, this appeal was taken from the order denying the motion and from the judgment.

A demurrer interposed to the indictment raised the point that there were two offenses charged therein, contrary to the provisions of section 954 of the Penal Code. The section last mentioned originally provided that the indictment or information should only charge one offense and the decisions of the supreme court, down to volumne 146 of the California Reports, construe and apply the provision of the Penal Code as it then stood in the form referred to. Section 954, however, was amended in the year 1905, and it has since provided that the indictment or information may charge different offenses, but that they must all relate to the same act, transaction, or event. In this case the indictment neither charged two offenses, nor does it appear that the acts which were described in the first count were different from those described in the second. To do all of the things enumerated in the different subdivisions of section 182 of the Penal Code amounts to a single offense only, and it is quite plain that the district attorney might have joined in one count of his indictment all of the matters which were made the subject of the two counts. That he did choose to separate them and state with more particularity the charge in the way which is exhibited by the indictment did not violate any of the rules of criminal pleading, or any of the specific provisions of section 954 of the Penal Code.

The evidence heard at the trial showed that this appellant and his co-conspirators were among a number of persons who were arrested on a charge of having violated an ordinance of the city of Holtville regulating the sale of intoxicating liquors; that these persons were taken before Loveland, who was the city recorder of Holtville, where J. C. Kendrick, one of the alleged conspirators, deposited one hundred and twenty-five dollars as bail for himself and four of the others; that thereafter the recorder accepted written undertakings in lieu of the cash bail and issued his check to Kendrick, drawn upon a bank at Holtville, for the amount of one hundred and twenty-five dollars; that this check was refused payment upon presentation at the bank for lack of funds, and that Kendrick

and Johnson then demanded a complaint of the district attorney of Imperial County charging Loveland with having issued a check without having money or credit at the bank sufficient to pay the same, which complaint the district attorney refused to issue; that thereupon, after consultation with their counsel, Johnson went before a magistrate at the city of Imperial and there secured a warrant for the arrest of Loveland; that this warrant was secured during the early evening hours of the day preceding the date upon which the trial of Johnson and others was set to be held before Loveland; that the warrant of arrest was delivered to the officer at Imperial the same evening and he served the same upon Loveland while the trial of appellant and the other persons referred to was in progress at Holtville. There was no evidence that appellant or either of his alleged co-conspirators instructed or requested the officer holding the warrant of arrest to make service upon Loveland while the latter was holding court and if it was the design of the alleged conspirators that this should be done proof thereof must be found wholly in the circumstances that the warrant was procured and delivered to the arresting officer at a late hour on the date preceding the Holtville trial. In the second count of the indictment appellant was charged both with having conspired to falsely cause the arrest of Loveland and also with conspiring to obstruct justice by causing Loveland to be arrested while holding court thereby discrediting him with the jurymen and prejudicing the prosecution of the case pending before him. It cannot, of course, be determined as to whether the jury concluded that appellant was guilty of having conspired falsely to accuse Loveland of a crime, or of having conspired to obstruct justice by causing Loveland to be arrested while engaged in the trial of the criminal cause referred to. While it was proper to include in either count charges under one or more of the subdivisions of section 182 of the Penal Code, the fact that the jury's verdict was a general one leaves the charge of the court to be examined with the thought in mind that the conviction may have been made upon either the charge of conspiring to falsely accuse Loveland of a crime, or of conspiring to obstruct justice, or upon both of said charges. To sustain a conviction of criminal conspiracy, it is necessary to allege and prove not only the making of the con-

spiracy, but the commission of some act to effect the object thereof. (Pen. Code, sec. 184; *People* v. *Daniels,* 105 Cal. 262, [38 Pac. 720].) The court instructed the jury as follows: "In this case it is sufficient if you find that one A. C. Loveland was recorder; that an action was before him which he, as recorder, had jurisdiction to try, that E. L. Johnson, J. C. Kendrick and D. H. Williams were defendants in said action, and interested in its disposition, that one or more of the defendants entered into an agreement with another defendant, or with persons not named in the indictment, to obstruct and impede the trial of said action, and that in pursuance of said agreement *some* act was done by one of them toward carrying the agreement into effect. And when you have so found from the evidence, it is your duty to return a verdict of guilty against those defendants whom you find to have participated in said conspiracy." Certain acts were alleged in the indictment as constituting the overt acts done pursuant to the conspiracy, but by the instruction quoted the jury were told in effect that the overt act which the prosecution was required to prove in order to make out a case against appellant, was any act which in the opinion of the jury might appear to be done in pursuance of the agreement of conspiracy. It has already been noted that the prosecution was required to allege and prove the overt act or acts and the jury were not to be permitted, as they might well have inferred from this instruction to cull from the evidence proof of some act other than those charged and conclude therefrom that the crime was properly made out. It may well have been, under the evidence as the record exhibits it, that the jury, if they determined defendant to have been guilty of a conspiracy to obstruct justice, did not find it to have been the design of appellant or his alleged co-conspirators that Loveland should have been arrested while engaged in the trial of the case in which they were defendants, for the evidence as to such intent was very meager indeed. All of this being true, the prejudicial effect of the erroneous instruction given is clearly illustrated.

The error complained of and last discussed requires that that judgment and order be reversed, and it is so ordered.

Allen, P. J., and Shaw, J., concurred.