[Crim. No. 449.   First Appellate District.—October 31, 1913.]

## THE PEOPLE, Respondent, v. ANTONE MANCUSO, Appellant.

CRIMINAL LAW—RAPE—PROOF OF SERIES OF ACTS—ELECTION BY PROSECUTION.—In prosecutions for rape, where a single act is charged and a series of acts of intercourse are proved, the prosecution must select the particular act relied upon.

ID.—ELECTION—WAIVER BY ACCUSED.—But if a specific act of intercourse is alleged by the information, and proof of that act with many others is made, no objection being made to any of the testimony, and the defendant making no complaint that he is in doubt as to which act is the basis of the prosecution, his right to a more definite selection of the principal act will be deemed waived.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—REFERENCE TO PRIOR IMPRISONMENT.—Misconduct of the district attorney in bringing out on cross-examination of the wife of the defendant that he has served a term in jail is not prejudicial, when a statement to the same effect has already inadvertently crept into the case.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—WHEN NOT REVIEWABLE ON APPEAL.—Misconduct of the district attorney will not be considered on appeal, if no assignment of misconduct is made at the time nor request made for the court to instruct the jury to disregard it.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—EFFECT OF ADMONITION TO JURY.—Misconduct of the district attorney in his argument to the jury in observing that he cannot go fully into defendant's story of the case on cross-examination because of his very meager direct examination, is not prejudicial, if the court, upon objection, immediately directs the jury to disregard the comment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

James F. Johnson, and George S. Barkley, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—The defendant was convicted upon a charge of rape upon the person of a child under the age of consent. The appeal is from the judgment and from an order denying defendant's motion for a new trial.

It is true, as asserted by the defendant, that in prosecutions for rape, where a single act is charged and a series of acts of sexual intercourse are proved, the prosecution must select the particular act relied upon. (*People* v. *Castro,* 133 Cal. 11, [65 Pac. 13].) But in the present case a specific act was alleged in the information, and that act with a great many others was proved. No objection was made to any of this testimony, nor did the defendant complain at any time during the trial that he was in doubt as to which act of sexual intercourse was the basis of the prosecution. Apparently the district attorney relied particularly on the act alleged; but in any event the defendant, in view of the condition of the record, must be deemed to have waived any right he may have had to a more definite selection of the principal act.

Complaint is also made that the district attorney was guilty of misconduct in two instances. The first arose when the district attorney brought out on the cross-examination of the defendant's wife that the defendant had served a term of imprisonment in the county jail. That error on the part of the district attorney could not have injured the defendant for the reason that a statement to the same effect had inadvertently crept into the case prior to the time when the question now complained about was asked. Moreover, no assignment of misconduct was made at the time, nor was the court requested to instruct the jury to disregard the objectionable question. Therefore the possibility of injury resulting to the defendant in consequence of that question cannot now be considered. (*People* v. *Walker,* 15 Cal. App. 400, [114 Pac. 1009].)

The second act of misconduct to which objection is made occurred during the argument to the jury by the district attorney, when he observed in effect that he could not go fully into defendant's story of the case on cross-examination be-

cause of his very meager direct examination. Assuming that the representative of the people in this connection overstepped the strict legal rights of the defendant, the court immediately, upon objection, directed the jury to disregard the comment, which admonition we will presume, the jury obeyed, (*People* v. *Overacker*, 15 Cal. App. 620, [115 Pac. 756]), and that no injury resulted to the defendant.

The defendant finally asserts that the court committed prejudicial error by modifying a certain instruction to the jury offered by him. The same instruction with the identical modification was given in the case of *People* v. *Von Perhacs,* 20 Cal. App. 48, [123 Pac. 1048]; and there it was held, as we hold again in this case, that the action of the court is not subject to any just criticism.

This disposes of all the points raised by the defendant.

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.