[Crim. No. 699. First Appellate District.—January 26, 1918.]

## THE PEOPLE, Respondent, v. JOHN T. DONALDSON, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—AMENDMENT OF INFORMATION—AVERMENT OF MINOR PRETENSES—LACK OF PREJUDICE.—In a prosecution for obtaining money by false pretenses, it was not error to permit the district attorney to make an amendment to the information so as to include within its averments certain specific pretenses not set forth therein, in order that evidence

thereof might be admitted, where the main inducing cause of the parting with the property is alleged in the information.

ID.—OPENING STATEMENT OF PROSECUTING ATTORNEY—WANT OF MISCONDUCT.—In a prosecution for obtaining money by false pretenses, it was not misconduct for the district attorney to state that he expected to prove a conspiracy between the defendant and a so-called psychologist, and then not to introduce any evidence concerning such conspiracy, where the failure to introduce such evidence was due to inability to prove the conspiracy, and there was no showing made that the statement was made in bad faith.

ID.—MISCONDUCT—WAIVER.—Objection to statement made by prosecuting attorney is waived where it was not assigned as misconduct and no request made to admonish the jury to disregard it.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Edgar D. Peixotto, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

KERRIGAN, J.—Defendant was charged by information filed by the district attorney of the city and county of San Francisco with the crime of obtaining money by false pretenses. He was tried, convicted, and sentenced to four years' imprisonment in the state prison. He now appeals from said judgment and from the order denying his motion for a new trial.

From the record it appears that one Marguerite H. Nesbitt, the prosecutrix, conducted a small grocery store in the outskirts of San Francisco, and that the defendant, having heard that she had recently won twenty thousand dollars in a lottery, conceived a plan to get this money from her. Accordingly, after having by a ruse made her acquaintance, he represented to her that he was the owner of a very valuable mine out of which he had made within the past six months the sum of one hundred thousand dollars; that if she cared to do so he thought he could arrange to let her invest twenty thousand dollars, which amount was needed to complete certain necessary improvements on the mining property, and

that if she should do so she would within a short time thereby gain at least one hundred thousand dollars. She was inexperienced, gullible, and guileless; he was persuasive, tactful—and unscrupulous. She parted with her money. The mine was worthless. This prosecution resulted.

Taking up the main point relied upon by the defendant for a reversal of the judgment, we find that during the trial, in order to meet an objection of the defendant and out of an excess of caution, the court made an order permitting the district attorney to make a further amendment to the information (one having already been made), so as to include within its averments certain specific pretenses not set forth therein. The defendant now assigns as error the order allowing this amendment, claiming that it was one of substance and not within the terms of section 1008 of the Penal Code. The asserted defect in the proceedings, of course, does not appear upon the face of the information, and therefore is not raised by the demurrer; and as the defendant did not object to the admission of the evidence introduced under this amendment, he cannot now be heard to complain unless the motion to strike the information from the record, which was filed by the defendant, may on the ground set forth therein be regarded as broad enough to raise the point now made. Assuming, without deciding, that this is so, still we think the contention untenable, for in our view the evidence was admissible under the information before the amendment complained of was made; and if this be true, the amendment was unnecessary, and no prejudice to the rights of the defendant resulted from the admission of this evidence. We think that where, as in the present case, the main inducing cause of the parting with the money or property is stated in the information, it is sufficient, and that evidence amplifying such main inducing cause is admissible. In the case at bar it appears from the averments of the information that the chief misrepresentations made by the defendant were as to the immense value of the mining property claimed to be owned by him, and as to the "vast quantity of pay-ore" on the claim all ready to be worked. Under these averments the evidence introduced by the prosecution of representations made by the defendant as to the value in money of such ore, as to the acreage of the claim, the improvements thereon, and the number of men there employed, was, we think, clearly admissible.

36 Cal. App.—5

Such representations were but detailed statements relating to and tending to support the principal false pretenses averred in the information, and no amendment thereof was essential in order to permit those matters to go to the jury. Carrying defendant's argument to its logical conclusion, it would be necessary to charge all the inducing statements which may have influenced the victim to part with her money. Here it appears that the defendant when about to propose this so-called investment to the prosecutrix dressed for the occasion, that he wore a large diamond stud in his shirt front, and caused his face to be freshly massaged. Suppose the testimony had gone further and had described his well-dressed appearance, his expression of countenance, his beguiling smile, his appearance of frankness, and attributed to him all the charm of a Wallingford, would it be pretended that such matters were not admissible in evidence unless incorporated in the information?

No doubt the rule is that where the main pretense is charged evidence is admissible of minor pretenses which may have exercised some influence in producing the result. Although the sacks might not have broken the camel's back without the final straw, yet if the sacks be specified without the straw, that must be sufficient. (*Cowen* v. *People,* 14 Ill. 348.)

In his opening statement to the jury the prosecuting officer stated that he expected to be able to show a conspiracy between the defendant and a certain so-called psychologist parading under the name of Dr. Byron Kingston, in which Kingston called upon the prosecutrix concerning certain charitable work in which he claimed to be interested, on which occasion, pretending to be greatly pressed for time, he asked her to call on him at his office the next day to discuss the subject further; that she did so, and during their conversation she was led to speak of spiritualism, whereupon Kingston drew some mystic signs upon a piece of paper and also a star and circle, placed the palm of his open hand across his forehead, and informed the prosecutrix that a man would call upon her soon (describing the defendant) with a business proposition, which she ought to accept, and that if she did so she would have limousines and rings and things and fine array. Three days later the defendant visited her, pretending to be looking for one Frank Pollock, with whom, he said, as boys they "skinned cattle together in Santa

Cruz,'' and for whom he was now looking with a view to letting him in ''on the ground floor'' of a rich mining investment. Here follows a statement of the prosecuting officer of the conversations between the defendant and the prosecutrix to which a brief reference has already been made. It appears that the prosecution, through inability to prove the conspiracy, offered no testimony thereon; and the defendant now claims that the reference to such matters constituted misconduct for which the judgment should be reversed. There is absolutely nothing in the record indicating that the statement of the district attorney was made in bad faith, and therefore it did not constitute misconduct. (*People* v. *Gleason,* 127 Cal. 323, [59 Pac. 592].) But even if it did, the defendant did not assign it as such, nor request the court to give the usual admonition. Consequently the objection of the defendant made at the time must be deemed to have been waived. (*People* v. *Mancuso,* 23 Cal. App. 146, [137 Pac. 278].)

There is no merit in the defendant's further point, raised by the demurrer, that the information does not show the causal connection between the false pretenses and the parting with the money.

Judgment and order affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 25, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1918, and the following citation noted: See *Rauer's Law etc. Co.* v. *Berthiaume,* 21 Cal. App. 675, [132 Pac. 833].