[Crim. No. 711. First Appellate District, Division One.—January 6, 1919.]

THE PEOPLE, Respondent, v. NICK LIBERTY, Appellant.

CRIMINAL LAW—LEWD AND LASCIVIOUS ACTS—AMENDMENT OF INFORMATION.—A defendant charged by information with the commission of lewd and lascivious acts by placing his *hands* on the private parts of a female child, was in no way prejudiced by the filing of an amended information, during the trial, charging him with placing his hands *and private parts* on the private parts *and legs* of the same child.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from orders refusing a new trial, and denying a motion in arrest of judgment. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

James W. Cochrane, Ernest B. D. Spagnoli and W. D. Grady for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—The defendant appeals from the judgment of conviction under section 288 of the Penal Code, and from the orders denying his motions for a new trial and in arrest of judgment.

The original information in the case charged the commission of the lewd and lascivious acts with and upon the person of a female child "of the age of twelve years by then and there placing the hands of him . . . upon the private parts of her, etc." During the trial of the case the court, in the exercise of the discretion granted by section 1008 of the Penal Code, directed the district attorney, over the objection of the defendant, to file an amended information which charged the offense committed "by then and there placing the hands *and private parts* of him . . . upon the private parts *and legs* of her, etc." The italics indicate the new matter inserted by way of amendment.

Appellant claims that the amending of the information was prejudicial to his rights in that it charged an offense different from that stated in the original information. There is no merit in this contention. (*People* v. *Rippe,* 32 Cal. App. 514, [163 Pac. 506] ; *People* v. *Miller,* 34 Cal. App. 641, [168 Pac. 574] ; *People* v. *Donaldson,* 36 Cal. App. 63, [171 Pac. 442].) The record also sufficiently indicates that the evidence taken at the preliminary examination clearly showed the commission of the offense as charged in the information as amended. Furthermore, the court offered the defendant a reasonable continuance to enable him to prepare to meet the situation, but he did not avail himself of the opportunity.

One of the witnesses for the prosecution was shown to have made at other times statements contrary to her testimony given in court. The jury heard and passed on her credibility and there was sufficient evidence in the whole case to warrant the conviction.

The criticism by the court of the prosecuting officer in connection with the amending of the information in no way prejudiced the defendant.

The judgment and orders are affirmed.

Richards, J., and Kerrigan, J., concurred.