[Crim. No. 651.   Third Appellate District.—February 23, 1923.]

## THE PEOPLE, Respondent, v. C. SILBELO, Appellant.

[1] CRIMINAL LAW — CONSPIRACY TO BURGLARIZE — INFORMATION—AMENDMENT—MEANS EMPLOYED—EFFECT OF.—An amendment of an information charging a conspiracy to commit the crime of burglary merely relating to or affecting the allegation as to the means alleged in the information as having been employed by the conspirators to commit the overt act or attempt to effect an entrance involves a matter of form and not of substance and does not state a different offense.

[2] ID. — AMENDED INFORMATION — COMPLIANCE WITH CODE. — An amended information charging a conspiracy to burglarize which states the first ingredient of the crime of conspiracy in clear and concise language, and which states the second ingredient of the offense, namely, the overt act of entering the building or the attempt to do so in the language of section 459 of the Penal Code, describing the crime of burglary, corresponds with the requirements of subdivision 2 of section 950 and subdivisions 2 and 3 of section 952 of the Penal Code.

[3] ID.—CO-CONSPIRATOR AS REAL ACCOMPLICE—INSTRUCTION.—In a prosecution under an information charging a conspiracy to burglarize, the failure to give an instruction addressed to the question whether an alleged co-conspirator was a real accomplice, assuming that it was the duty of the court to give such an instruction on its own motion, was not prejudicial where there was plenty of corroboration of his testimony.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. George L. Jones, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Wright and Russell P. Tyler for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was, by information filed in the superior court of the county of Nevada, jointly charged with Segundio Rodriguez, Vincent Alvarez, and Albert Greenwald with the crime of conspiracy, under section 182

of the Penal Code, as amended by the legislature of 1919 (Stats. 1919, pp. 170, 171).

The jury found him guilty as charged and he appeals from the judgment and the order denying him a new trial.

The information as originally filed alleged that the parties just named and the defendant, on or about the sixteenth day of March, 1922, in the county of Nevada, "unlawfully and feloniously did conspire and agree . . . to commit the crime of burglary, to-wit: by then and there feloniously to burglarize the office of the North Star Mines Company, . . . , and the said Silbelo, *in pursuance and furtherance of said conspiracy and to effect the object thereof, did attempt to pick the lock of the door of the office of the said North Star Mines Company to enter and consummate the purposes of said conspiracy,*" etc.

Subsequently to the trial and conviction of the defendant's co-conspirator, Segundio Rodriguez, in whose case an opinion by this court upholding the result arrived at in the court below has this day been filed, and after the defendant had entered his plea to the information as originally filed, the court allowed the district attorney, upon motion, to amend the information by striking out the words above italicized and inserting in lieu thereof the following:

" . . . and that on said 16th day of March, A. D. 1922, at and in the County of Nevada, . . . , the said C. Silbelo, in execution of said last mentioned premises, and in pursuance and furtherance of said conspiracy, combination, confederation and agreement with Vincent Alvarez, Segundio Rodriguez and Albert Greenwald, and to effect the object thereof, did attempt to unlawfully, feloniously and burglariously enter said building, to-wit, said office of the North Star Mines Company, . . . , with the intent then and there to commit the crime of grand larceny, a felony," etc.

The action of the court in permitting the information to be amended as indicated presents the first point submitted here for decision.

The authority for the amendment of indictments and informations is to be found in section 1008 of the Penal Code, which provides: "An indictment or information may be amended by the district attorney, without leave of court, at any time before the defendant pleads. Such amendment

may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

There is no record here of a motion to set aside the information (Pen. Code, sec. 995), hence there is before us nothing to show the nature of the commitment or what the evidence upon which the commitment was based showed. The presumption is, in that state of the record, that the commitment was for the crime charged in the information.

[1] Nor does the information, as amended, state a different offense from that set forth therein as the same was originally filed. The information, as amended, as it did prior to the amendment or as it was originally filed, charges that Silbelo and his confederates entered into and formed a conspiracy to burglarize the office of the North Star Mines Company and in pursuance of said conspiracy attempted to enter said office. The amendment merely relates to or affects the allegation as to the means alleged in the information, as it was originally filed, as having been employed by the conspirators to commit the overt act or attempt to effect an entrance into the office. (See *People* v. *Rodriguez, ante,* p. 69 [214 Pac. 452].) As is said in that opinion, the gist of the offense as charged originally consisted of the conspiracy to burglarize the office and the attempt to enter the same in pursuance and furtherance of the conspiracy, and, therefore, the particular manner in which or means by which the attempt (the overt act) was made is wholly immaterial. Since, therefore, the offense charged in the amended information is the identical offense charged in said information as it was originally filed, it cannot, of course, be held that the allowance of the amendment was prejudicial to the substantial rights of the accused. The amendment involved a matter of form and not of substance. The defendant was not called upon by the amendment to prepare for any different defense from that which he could have made had the information been allowed to remain as it was originally drafted and filed. Because of the amendment he could not have been misled as to the nature of the charge which he was required to

meet or prepared to meet. In other words, any defense which he might have prepared for the purpose of introducing in impeachment of the allegations of the information as it was originally filed would be equally as pertinent to the allegations of the information as it was amended. (See *People* v. *Webber,* 44 Cal. App. 120 [186 Pac. 406]; *People* v. *Liberty,* 39 Cal. App. 360 [178 Pac. 868]; *People* v. *White,* 47 Cal. App. 400 [190 Pac. 821]; *People* v. *Rippe,* 32 Cal. App. 514 [163 Pac. 506]; *People* v. *Wilhite,* 49 Cal. App. 246 [193 Pac. 151].)

[2] But it is vigorously contended that the information as amended is defective in that it does not correspond with the requirements of subdivision 2 of section 950 and subdivisions 2 and 3 of section 952 of the Penal Code. There is no merit in this contention. Section 950, subdivision 2, provides that an indictment or an information shall contain "a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended." Section 952, subdivisions 2 and 3, provides that the indictment or information must be direct and certain as to the offense charged and the particular circumstances of such offense, when they are necessary to constitute a complete offense. The amended information meets all these requirements. The first ingredient of the crime of conspiracy as alleged in the information is stated in clear and concise language, or so that it can readily be understood what is meant thereby, or in language such as to enable a person of ordinary intelligence to understand what was meant to be charged. The second ingredient of the offense, to wit, the overt act or the fact of entering the building or the attempt to do so, is stated in the language of section 459 of the Penal Code describing the crime of burglary, which is legally sufficient to state the offense to commit which the conspiracy was formed.

The facts of this case are substantially the same as those brought out in the case of *People* v. *Segundio Rodriguez, ante,* p. 69 [214 Pac. 452]. In the opinion in that case they are given in extended detail. There is, therefore, no necessity for repeating them herein. The defendant did not testify in the case, and Alvarez, although he was called to the stand, refused to testify on the ground that his

testimony would tend to incriminate him. The story as told by the witness Greenwald in the Rodriguez case of the circumstances leading to and characterizing the formation of the conspiracy and the attempt to put it into execution was retold by him in this case. There is no substantial variance between the stóry told by him in the Rodriguez case and that told in this case concerning the transaction. In this case, however, Greenwald described a little more fully the actions of Alvarez in his attempt to open the door of the office of the mining company. He stated that Alvarez opened the screen door and then got hold of the knob of the main door and tried to open it. Greenwald repeated that no directions were given to him by the officers of the mining company as to the part that he should play in the transaction. He also told of the procurement of the revolvers, several sacks in which to carry the bullion, which he said were procured by the defendant here, rubber shoes and rubber gloves to be used by the conspirators, the use of all those articles in the execution of the conspiracy having been suggested by Segundio Rodriguez. The rubber gloves were to be used for the purpose of preventing fingerprints being left on the door or other parts of the building upon which the party attempting to enter the office might place his hands.

[3] In this case it is stated that the reason that no special instructions were requested in the cases of Segundio Rodriguez and the defendant here was because ''it had not developed to a moral certainty that the alleged co-conspirator, Albert Greenwald, would not be also brought to trial; . . . ; that the jury were led to believe that it was the theory of the prosecution that Greenwald was a real conspirator and would be prosecuted.'' We do not understand the purport of the argument thus essayed. It would seem obvious that it could make no difference what the intention of the district attorney was as to the disposition that was to be made of the case against Greenwald. The nature of the ''special instructions'' which defendant would have proposed had it been known to his counsel that Greenwald was not to be prosecuted is not indicated in the briefs. An instruction, however, based on section 1111 of the Penal Code to the effect that ''a conviction cannot be had upon the testimony of an accomplice unless it be cor-

roborated by such other evidence as shall tend to connect
the defendant with the commission of the offense,'' was not
but should have been given in this case, since the question
whether Greenwald was a feigned or an actual accomplice
was one for the jury to determine. Such an instruction
was properly given in the case of Rodriguez, Criminal No.
652, at the request of the defendant therein; but no such
instruction was proposed by counsel for the defendant in
this case. There was, though, plenty of corroboration of
the testimony of Greenwald as to the attempt to carry out
the conspiracy. In fact, the defendant confessed to Mr.
Nobs, in the presence of two other parties, that he, with
Segundio Rodriguez, Alvarez, and Greenwald, went to the
building of the mining company on the night of the 16th
of March, 1922, for the purpose of entering the office and
stealing the bullion. At the same time he stated that
the party who first proposed the robbery to him was Segun-
dio Rodriguez. There were other corroborative circum-
stances which it is unnecessary to repeat herein. Indeed,
there is no dispute in this case, nor was there any in the
Rodriguez case, that the four parties named in the informa-
tion as the conspirators went to the mining company office
on the night of the 16th of March, 1922, for the purpose
of breaking into the office and stealing the bullion. It fol-
lows that it makes little, if any, difference whether Green-
wald was a feigned or a real accomplice. The corroboration
referred to was also corroborative of the fact of the forma-
tion of the conspiracy, since the fact that the four men met
together or at the same time at the building and made an
attempt to enter the office is convincing evidence of the
fact that there had been a prearranged agreement or
understanding between the parties to commit the crime as
charged in the information. Failure, therefore, to give an
instruction addressed to the question whether Greenwald
was a real accomplice, assuming that it was the duty of the
court to give such an instruction on its own motion, can-
not be held to have been prejudicial or to have resulted
in a miscarriage of justice. (Const., art. VI, sec. 4½.)

The charge of the court in this case, except in a few
immaterial particulars, was the same as that given in the
case of Rodriguez. The criticisms of the instructions given
herein are the same as those aimed at the charge of the

61 Cal. App.—7

court in the Rodriguez case. There is, therefore, no necessity for reviewing in this opinion these assignments.

The same may be said as to the instructions proposed by the defendant and rejected by the court. With one or two exceptions the refused instructions are the same as those offered by the defendant and rejected by the court in the Rodriguez case. In the opinion in that case we have disposed of these assignments and it is not necessary to review them herein. The principles sought to be stated in all the rejected instructions in this case, including the one or two added to those offered and refused in the Rodriguez case, were covered by the charge of the court.

For the foregoing reasons, and upon the authority of the case of *People* v. *Rodriguez, ante,* p. 69 [214 Pac. 452], the judgment and the order are affirmed.

Finch, P. J., and Burnett, J., concurred.