[Crim. No. 653. Third Appellate District.—February 23, 1923.]

THE PEOPLE, Respondent, v. VINCENT ALVAREZ RODRIGUEZ, Appellant.

[1] CRIMINAL LAW—CONSPIRACY TO COMMIT BURGLARY—AMENDMENT OF INFORMATION. — Judgment and order denying a new trial affirmed on the authority of *People* v. *Rodriguez, ante,* p. 69, and *People* v. *Silbelo,* 92.

APPEAL from a judgment of the Superior Court of Nevada County and from an order denying a new trial. George L. Jones, Judge. Affirmed.

The facts are the same as those stated in the opinions in the cases of *People* v. *Rodriguez, ante,* p. 69, and *People* v. *Silbelo, ante,* p. 92.

W. E'. Wright and Russell P. Tyler for Appellant.

· U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant Segundio Rodriguez, C. Silbelo and Albert Greenwald were charged with the crime of having conspired and confederated together for the purpose of feloniously and burglariously entering the office of the North Star Mines Company to commit the crime of grand larceny. Each of the alleged conspirators, with the exception of Greenwald, who was a mere feigned accomplice and not tried at all, was given a separate trial.

Opinions affirming the judgment and the orders in the cases of Segundio Rodriguez, *ante,* p. 69 [214 Pac. 452] and C. Silbelo, *ante,* p. 92 [214 Pac. 462], have this day been filed.

Counsel for the defendant here have submitted his case upon the briefs on file in the former cases. From this we assume that the points made for a reversal here are the same as those upon which reversals in the other cases were urged. At all events, the case here, having been submitted upon the briefs in the other cases, we are not required to examine the record herein for the purpose of determining whether the points made in the other cases, when applied to this, have sufficient legal force to warrant a judgment returning the case for retrial.

[1] One point, however, which was considered in the case of *People* v. *Silbelo,* may be referred to and it is this: That the information was amended as indicated in the opinion in the case of *People* v. *Silbelo,* and upon the information as so amended the defendant here was tried. In the Silbelo case it was suggested that the court transcended its authority by allowing the amendment. It was also contended that the information as amended does not conform to the requirements of subdivision 2 of section 950 and subdivisions 2 and 3 of section 952 of the Penal Code. What we have said in the Silbelo case with regard to the action of the court in allowing the district attorney to amend the informa-

tion and with regard to the information as amended, of course, has direct application to this case and is decisive of the points so made against the contentions of the defendant.

Upon the authority of the cases of *People* v. *Rodriguez* and *People* v. *Silbelo, supra,* the judgment and the order herein are affirmed.

Finch, P. J., and Burnett, J., concurred.