[Crim. No. 2122.   Third Dist.   Sept. 7, 1949.]

THE PEOPLE, Respondent, v. KENNETH BENNETT et al., Defendants; ROBERT STEWART, Appellant.

Grover C. Julian for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant Robert Stewart appeals from a judgment convicting him of the crimes of burglary and grand theft. The record reveals that he and one Kenneth Bennett were jointly charged with the commission of said crimes and in addition the crime of concealing stolen property, by an information filed by the District Attorney of Lassen County on August 10, 1948. After the trial court denied their motion to set aside the information, pleas of not guilty were entered. Stewart moved for a separate trial which motion also was denied by the trial court. The case then proceeded to trial before a jury which returned a verdict finding defendant Bennett guilty of all three crimes and defendant Stewart guilty of burglary and grand theft but not guilty of concealing stolen property as alleged in the information. Stewart was sentenced on each crime for the term prescribed by law, the sentences to run concurrently.

Stewart now attacks the sufficiency of the evidence to sustain the verdict, alleging in this regard that the only evidence of his guilt is the testimony of his codefendant which he asserts was not corroborated as required by Penal Code, section 1111. By such contention he overlooks evidence contained in the record other than that of the testimony of his codefendant. Such evidence discloses that a Mr. Glenn was the owner of a summer cabin at Eagle Lake in Lassen County which he had closed in the fall of 1947. When he returned in May, 1948, he found that many items of furniture and other personal property were missing which, he testified, had a total value in excess of $200. An investigation by the sheriff resulted in the detention of the defendants, each of whom made a written statement, subsequently received in evidence, in which each defendant admitted going to the cabin, removing the property and selling it, but each claimed to be working as the employee of the other. A furniture dealer testified that

he had purchased certain of the property from both defendants, giving his check payable to appellant in payment therefor. The sheriff testified that he found certain of the property in appellant's home. It is readily apparent from the mere narration of the foregoing evidence that the requirement of Penal Code, section 1111, that the testimony of an accomplice be corroborated "by such other evidence as shall tend to connect the defendant with the commission of the offense," is amply satisfied. ■ The required corroboration does not have to be supplied by direct evidence. (*People* v. *Rice,* 29 Cal.App.2d 614 [85 P.2d 215].) It may be found in the defendant's extrajudicial statements (*People* v. *White,* 48 Cal. App.2d 90 [119 P.2d 383]) and from circumstances such as the possession of the stolen goods (*People* v. *Machabie,* 33 Cal.2d 67 [198 P.2d 681]). We therefore hold that the evidence is sufficient.

■ Appellant next asserts that the trial court erred in denying his motion for a separate trial and in support of such contention refers to the fact that an extrajudicial statement by his codefendant was received into evidence, which statement tended to implicate appellant in the crimes charged. Appellant concedes that a motion for a separate trial is addressed to the discretion of the trial court (Pen. Code, § 1098) but argues that where it appears that as a result of the denial of a separate trial a defendant was convicted when, if he had been allowed a separate trial, he would not have been, that therefore a miscarriage of justice results and under such circumstances it is an abuse of discretion to deny separate trials. The court instructed the jury that such statement was admissible only against appellant's codefendant but appellant asserts that juries composed of laymen are unable to segregate these matters as proficiently as lawyers and judges. We are not so convinced of the infallibility of lawyers and judges and the fallibility of jurors as appellant appears to be. Moreover, appellant fails to point out in his brief wherein his conviction was due to the admission of such statement or that a separate trial would have led to his acquittal. In view of the evidence above stated which amply supports the verdict without considering such extrajudicial statement, we do not think that the trial court abused its discretion in denying appellant's motion for a separate trial. As stated in *People* v. *Isby,* 30 Cal.2d 879, 897 [186 P.2d 405] : "It is not an abuse of discretion to refuse to grant a demand for separate trials

because damaging testimony, admissible against one defendant and not against the other, may be received in the case, but it is then incumbent upon the court to limit such evidence *in its application to the defendant to whom it is referable.*"

Appellant next contends that the trial court improperly refused to strike the testimony of one Shields to the effect that appellant's brother lived in a trailer in a public camp located approximately 1 mile from the cabin which appellant was convicted of burglarizing. While it is the rule, as respondent asserts, that the familiarity of the accused with the premises is a circumstance which may be considered by the jury (*People* v. *Carroll,* 79 Cal.App.2d 146 [179 P.2d 75]), there is no inference that the accused was familiar with the burglarized premises from the fact that his brother lived near by, since there is no evidence that the accused ever visited his brother at such residence. Such evidence therefore should have been stricken but no error results from its admission since the evidence, after eliminating the erroneous part, is more than sufficient to sustain the judgment. (*People* v. *Burnett,* 21 Cal.App.2d 613, 620 [69 P.2d 1028].)

Appellant lastly assigns part of the closing argument of the district attorney to the jury as misconduct. The record shows that appellant did not object to the asserted misconduct, did not request the trial court to instruct the jury to disregard it and did not move for a new trial upon that ground. The rule is well established that under such circumstances the alleged error cannot be raised for the first time on appeal. (*People* v. *Fisher,* 86 Cal.App.2d 24 [194 P.2d 116].)

The judgment and order are affirmed.

Adams, P. J., and Thompson, J., concurred.