[Crim. No. 2138. Third Dist. Oct. 7, 1949.]

THE PEOPLE, Respondent, v. GROVER HULAN NAS-
WORTHY et al., Appellants.

86

Jack M. McPherson and Goldstein, Barceloux & Goldstein for Appellants.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS P. J.—Defendants were convicted on two counts of an amended indictment charging violation of section 182 of the Penal Code. The first count reads:

"The said Grover Hulan Nasworthy and Alvin Charles Knuthson did, on or about the 17th day of November, 1948, at Butte County, State of California, and before the filing of this Indictment, wrongfully, wilfully and unlawfully conspire to commit the crime of pandering, as set forth in Act 1906 of the Statutes and Amendments of 1911 State of California as follows:

"That the said Grover Hulan Nasworthy and Alvin Charles Knuthson as a part of said conspiracy and in pursuance

thereof, did then and there, by device or scheme, to-wit: By promising financial gain to a female person, one Billie Joyce Giffin, conspire to procure the said Billie Joyce Giffin by inducing, persuading and encouraging her to become an inmate of a place in which prostitution is encourage_ or allowed within this State. . . .''

The second count reads:

''The said Grover Hulan Nasworthy and Alvin Charles Knuthson on or about the 17th day of November, 1948, at Butte County, State of California, and before the filing of this Indictment, did, wrongfully, wilfully and unlawfully conspire to commit acts injurious to the public morals as follows, to-wit:

''That as a part of said conspiracy and in pursuance thereof, the said Grover Hulan Nasworthy and Alvin Charles Knuthson did, then and there, entice, encourage and procure one Billie Joyce Giffin, an unmarried female person, to engage in indiscriminate sexual intercourse, for compensation, with other persons and to engage in gratifying the sexual lusts, passions and desires of other persons, . . .''

In a separate indictment defendant Nasworthy was charged with a violation of section 288a of the Penal Code, which action was consolidated with the conspiracy action over the objection of defendant Knuthson.

Objections to the indictment were raised by general and special demurrer, by motions to quash, in arrest of judgment, and for new trials. All were denied.

As grounds for reversal appellants urge that count one is insufficient to charge a violation of section 182 of the Penal Code, in that it charges no overt act; that it was error to permit the jury to find defendants guilty and to sentence them on both counts, because the indictment charges but one conspiracy with two or more objects, and that the district attorney should have been required to elect between the two; that the court erred in refusing to give an instruction proposed by defendants that but one conspiracy was charged, and in giving an instruction that the two counts charged different offenses.

As for the first ground, section 184 of the Penal Code provides that no agreement amounts to a conspiracy, unless some act, besides such agreement, is done to effect the object thereof, by one or more of the parties; and section 1104 provides that: ''Upon a trial for conspiracy, in a case where an overt act is necessary to constitute the offense, the defendant cannot be convicted unless one or more overt acts are expressly

alleged in the indictment or information, nor unless one of the acts alleged is proved; but other overt acts not alleged may be given in evidence.'' It is doubtful whether count one does charge the commission of an overt act. If the second paragraph of the first count be considered as charging an overt act, it charges that the parties *conspired* to procure Miss Giffin to become an inmate of a place in which prostitution is encouraged, etc. No act beyond the conspiracy stage is alleged. The general rule in California as stated in the code sections aforesaid is discussed in 5 California Jurisprudence, section 4, pages 498-499, and in 3 California Jurisprudence, Ten-Year Supplement, page 735, where it is said that the crime of conspiracy is not complete by the mere agreement with an unlawful object in view; that there must be an overt act, which is intended to effect the object of the conspiracy. The same rule which prevails in California is applied under the federal statute defining conspiracy. In *Marino* v. *United States,* 91 F.2d 691 [113 A.L.R. 975], it was said that an overt act is something apart from the conspiracy, and is an act to effect the object of the conspiracy. As for the necessity of alleging and proving an overt act, also, see, *Hyde* v. *United States,* 225 U.S. 347, 359 [32 S.Ct. 793, 56 L.Ed. 1114, 1123]; *People* v. *Daniels,* 105 Cal. 262, 264 [38 P. 720]; *People* v. *Johnson,* 22 Cal.App. 362, 365 [134 P. 339], citing the Daniels case.

However, the second count does charge the overt act of enticing, engaging and procuring the Giffin girl to engage in indiscriminate sexual intercourse, etc.; and the alleged defect in the first count is not necessarily fatal to the case if there was, in fact, but one conspiracy, though its objects were manifold. The charge is that the two alleged conspirators violated section 182 of the Penal Code. The gist of the charge is conspiracy; and it has been said in numerous cases that all the objects of such a conspiracy may be made the subject of one charge. In *People* v. *Johnson, supra,* while there were two conspiracy counts in an indictment, defendant was found guilty of but one. By demurrer it had been asserted that the indictment charged two offenses, contrary to section 954 of the Penal Code; but the court said:

''In this case the indictment neither charged two offenses, nor does it appear that the acts which were described in the first count were different from those described in the second. To do all of the things enumerated in the different subdivisions of section 182 of the Penal Code amounts to a single offense

only, and it is quite plain that the district attorney might have joined in one count of his indictment all of the matters which were made the subject of the two counts. That he did choose to separate them and state with more particularity the charge in the way which is exhibited by the indictment did not violate any of the rules of criminal pleading, or any of the specific provisions of section 954 of the Penal Code.''

In *People* v. *Gilbert,* 26 Cal.App.2d 1, 7 [78 P.2d 770], the court said:

''The trend of judicial decisions in this state is to the effect that to do all of the things enumerated in the different subdivisions of section 182 of the Penal Code amounts to a single offense only. *People* v. *Johnson,* 22 Cal.App. [362,] 364 [134 P. 339].) The language of that section is inclusive and elastic enough to permit the framing of an indictment charging conspiracy to do or commit any or all of the illegal acts referred to therein. (*People* v. *MacPhee,* 26 Cal.App. 218, 220 [146 P. 522].)''

It is said in 15 Corpus Juris Secundum, section 47, page 1073, that the gist of the offense of conspiracy is the conspiracy ''which is single, although the object is to commit several crimes.'' (Also, see, *In re Nichols,* 82 Cal.App. 73, 78-79 [255 P. 244]; *People* v. *Marks,* 83 Cal.App. 370, 376 [257 P. 92]; *Tramp* v. *United States,* 86 F.2d 82, 83; *Williams* v. *United States,* 3 F.2d 933, 934; *People* v. *Yant,* 26 Cal.App. 2d 725, 730 [80 P.2d 506]; *People* v. *Welch,* 89 Cal.App. 18, 23 [264 P. 324].)

If, then, as appellants urge and the above cited cases hold, there is but one conspiracy charged, and an overt act in pursuance thereof is charged in the second count, it cannot be said that the charge as a whole is insufficient for failure to charge an overt act, and it becomes immaterial whether or not count one fails in this respect.

██ As for the alleged error of the trial court in failing to give appellants' proposed instruction and in giving the one which it did give, the proposed instruction reads:

''The charges contained in Count I and Count II of the indictment do not charge two separate offenses, but in effect charge that the defendants committed one or the other of such offenses. If you find that the defendants committed an act or acts constituting one of the crimes so charged, you then must determine which of the offenses charged was thereby committed. To support a verdict of guilt you must all agree

as to the particular offense committed, and if you find the defendants guilty of one of said offenses, you must find them not guilty as to the other.''

The instruction given states:

''Three separate and distinct offenses are charged against the defendants. You must consider the evidence applicable to each alleged offense as though it were the only accusation before you for consideration and you must state your finding as to each of the three charges in a separate verdict, uninfluenced by the mere fact that your verdict as to another charge is in favor of, or against, the defendants. The two defendants who are charged jointly may be convicted or acquitted upon either or both of the offenses charged against them jointly, and the defendant charged separately may be convicted or acquitted, depending upon the evidence and the weight you give to it, under the court's instruction. If you do not agree upon a verdict upon any *any* of the charges, you must render a verdict upon any charge upon which you do agree.''

While the instruction given by the court is inconsistent with the cited cases holding that a conspiracy charged under section 182, *supra,* is single, it cannot be said that the instruction offered by defendants is consistent therewith, since it does not deal with counts one and two as charging but one offense. We therefore conclude that the court did not err in refusing to give that instruction; and while the instruction given is erroneous in advising the jury that each alleged offense should be considered separately, such error is not fatal to the case. A separate verdict on each count was given to the jury, and both returned as found. The evidence is ample to sustain defendants' conviction of a conspiracy to commit a crime, and the only remedy to which defendants are entitled as far as the conspiracy is concerned is that they should be dealt with as having been convicted of but one conspiracy, instead of two.

In *People* v. *Scott,* 24 Cal. 2d 774, 783 [151 P.2d 517], where a defendant had been convicted of three counts of rape, and it was determined on appeal that all of his acts constituted but one offense, the Supreme Court modified the judgment to read: ''whereas the said Aaron Scott has been found guilty of the crime of rape, a felony, as defined and prescribed in subdivisions 1, 3, and 4 of section 261 of the Penal Code being separate statements of the same offense, it is therefore ordered, adjudged and decreed that the said Aaron Scott be punished by imprisonment in the state prison of the State of California

at San Quentin for the term prescribed by law." And as so modified the judgment and order denying a new trial were affirmed. Similarly in the instant case the judgment may be modified to adjudge the conspirators to have been found guilty of the crime of conspiracy, and to be punished by imprisonment in the state prison as prescribed by law.

 Appellants also argue that the evidence does not show the object of the conspiracy to be a crime, to wit, a violation of the Pandering Act, because in order to sustain a conviction for that offense, it is necessary for the proof to show that a woman was induced to become an inmate of a house of prostitution, while the evidence here merely shows that the acts which she was induced to commit were committed in Nasworthy's taxicab. However, the statute does not limit the place to a house of prostitution, but encompasses any other place in which prostitution is encouraged or allowed. In *People* v. *Jan You,* 26 Cal.App. 148 [146 P. 63], a similar contention was made, but the court said that the offense is complete where one procures a female person "to enter any place in which prostitution is encouraged or allowed." In the case before us it clearly appears that the practice of prostitution in the taxicab of defendants was not only encouraged, but allowed and consummated. Also the evidence shows that defendants tried to induce Miss Giffin to go to and remain in a hotel room for the purpose of prostitution.

 Appellants also urge, as grounds for reversal, that it was error for the trial court to allow the prosecution to amend the indictment without resubmitting the case to the grand jury. We are of the opinion that the amendment did not change the nature or character of the offense charged, to wit: conspiracy, nor prejudice the substantial rights of the defendants; and that, under the provisions of the Penal Code, section 1008, it was within the power of the court to allow the amendment. (See *People* v. *Stone,* 89 Cal.App.2d 853, 859 [202 P.2d 333]; *People* v. *O'Moore,* 83 Cal.App.2d 586, 590 [189 P.2d 554]; *People* v. *Sibelo,* 61 Cal.App. 92, 94 [214 P. 462].)

 Finally, appellants urge that Knuthson was prejudiced by being jointly tried with Nasworthy on the charge that the latter violated section 288a. The act charged against Nasworthy alone was but one of the various incidents connected with the events of the evening of November 17, 1948, which the evidence shows were participated in by the defendants and Miss Giffin. We find no abuse of discretion in joining the

charges for trial. There was a common element of substantial importance in the commission of the conspiracy charged, and the act with which defendant Nasworthy was charged; they all involved one set of circumstances. (See *People* v. *Burton*, 91 Cal.App.2d 695, 714-715 [205 P.2d 1065]; *People* v. *Bennett*, 93 Cal.App.2d 549, 551 [209 P.2d 417]; *People* v. *Jordan*, 24 Cal.App.2d 39, 55-56 [74 P.2d 519]; *People* v. *Flores*, 62 Cal.App.2d 700, 705 [145 P.2d 318].)

Appellants do not contend that the evidence is insufficient to sustain the verdicts. It doubtless is ample for that purpose, and as it is salacious in the extreme it is unnecessary to review it here.

The judgments of the trial court are modified to provide that: ''Whereas the said Grover Hulan Nasworthy and Alvin Charles Knuthson have been found guilty of the crime of conspiracy to commit a felony, to wit: pandering, it is ordered, adjudged and decreed that the said Grover Hulan Nasworthy and the said Alvin Charles Knuthson be, and each of them is to be, punished by imprisonment in the state prison of the state of California for the term prescribed by law.'' As so modified the judgments and the orders denying the motions for a new trial and in arrest of judgment are, and each of them is, affirmed.

Peek, J., and Thompson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 3, 1949.