[Crim. No. 507.  In Bank.—December 21, 1899.]

THE PEOPLE, Respondent, v. JOAQUIN ESLABE, Appellant.

CRIMINAL LAW—EVIDENCE—DEPOSITIONS TAKEN AT PRELIMINARY EXAMINATION—FILING OF ORIGINAL NOTES.—Upon the trial of a defendant under a charge of felony, in the superior court, the deposition of a witness taken at the preliminary examination and contained in the transcript of the notes of the official reporter, cannot be objected to as evidence after proof of the death of the witness, upon the ground that it has not been first affirmatively shown that the stenographic reporter had filed his original notes with the county clerk as required by subdivision 5 of section 869 of the Penal Code.

ID.—ABSENCE OF FILING OF NOTES—CURE OF IRREGULARITY.—The fact that the notes were not filed in fact when the deposition was admitted is without prejudice to the defendant, as an irregularity, where it appears that the notes were actually filed with the county clerk before the conclusion of the trial.

ID.—CONFESSIONS—PROOF OF VOLUNTARINESS.—The confessions of the defendant are admissible, if proved to have been freely and voluntarily given, and made without duress, or inducement, or promise.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.    F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and W. B. White, for Appellant.

Tirey L. Ford, Attorney General, for Respondent.

THE COURT.—The defendant, convicted of murder in the first degree, appeals from the judgment and from the order denying his motion for a new trial.

John Metz was a witness at the preliminary examination of the defendant. At the trial it was shown that he was dead. His deposition, taken at the preliminary examination and contained in the transcript of the notes of the official reporter at that hearing, was offered in evidence. Objection to its introduction was made upon the ground that it had not affirmatively been shown that the stenographic reporter had filed his original notes with the county clerk as required by section 869, subdivision 5, of the Penal Code. The objection was overruled and the deposition admitted in evidence. There was no error in this ruling, and if there was any irregularity it was without injury to the defendant, in view of the fact that the notes were actually filed with the county clerk before the conclusion of the trial. In *People v. Grundell,* 75 Cal. 301, another provision of section 869 of the Penal Code, which requires that the transcript of the reporter's notes shall be filed with the clerk within ten days, was held to be directory and not mandatory. The provision here under consideration merely requires that the reporter shall file his original notes with the county clerk, and this, as has been said, was done before the conclusion of the trial.

The defendant made statements in the nature of confessions to several different persons who were witnesses at the trial. Objections were interposed to the reception as evidence of these statements, upon the ground that it was not shown that they were freely and voluntarily made. The objection, however, finds no support in the record, which discloses that in each instance before the admission in evidence of the defendant's declarations it was proved that they were freely and voluntarily given and made neither under duress, nor inducement, nor promise.

These being the only matters called to our attention upon this appeal, the judgment and order appealed from are affirmed.