[Crim. No. 347.    Second Appellate District.—December 4, 1914.]

## THE PEOPLE, Respondent, v. JAN YOU, Appellant.

CRIMINAL LAW—PANDERING—STATUTE OF 1911—SUFFICIENCY OF EVIDENCE.—Under the statute of February 9, 1911 (Stats. 1911, p. 9), the offense therein defined is complete where one procures a female person to enter any place in which prostitution is encouraged or allowed, and it is held in this prosecution for pandering under such statute that the evidence was sufficient to support the verdict.

ID.—EVIDENCE—CONFESSION—ADMISSIBILITY OF.—In such a case a confession of the defendant which the record does not show was made under duress or by reason of any inducement or promise held out to defendant as a consideration for making it, but was freely and voluntarily made, was properly admitted in evidence.

ID.—INSTRUCTIONS—WHEN ERROR IN NOT SHOWN.—Where a defendant in a criminal case urges error predicated upon the giving of erroneous instructions it devolves upon him to show affirmatively that such instructions were not given at his request; in the absence of such affirmative showing the court cannot indulge in the presumption that the trial court erred; and where the record discloses no instructions given at the request of the prosecution, for aught that appears, the instructions may have been given at defendant's request, of which he cannot complain.

ID.—LIMITING ARGUMENT TO JURY—WHEN ERROR NOT SHOWN.—In such a case where there is nothing in the record disclosing that the court limited the argument to the jury made by the defendant and refused his request for additional time, the alleged error will not be considered on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Frank A. McDonald, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted upon an information charging him with the crime of pandering, as defined by an act of the legislature approved February 8, 1911. (Stats.

1911, p. 9.)   He appeals from the judgment and an order of court denying his motion for a new trial.

The first ground upon which appellant bases his claim for a reversal is that the evidence did not justify the verdict rendered, in that it failed to show that defendant did by promise, threats, device, or scheme cause, induce, persuade, or encourage the prosecuting witness, whom we shall call A. B., to become an inmate of a house of prostitution, or an inmate of any place in which prostitution was encouraged or allowed, or to enter any place wherein prostitution was encouraged or allowed.   The evidence was ample as tending to prove that defendant conducted a rooming house, and under the pretense of showing A. B., the prosecuting witness, and her two female companions some curios, as well as by other means, encouraged and induced them to go to this rooming house, which they visited at night on three occasions, and while there, at his suggestion, occupied rooms with Chinese habitues of the place, with whom they had sexual intercourse and from whom in consideration of such intercourse they received money, and in each case defendant exacted a division of the money so received.   That he not only allowed but encouraged A. B. to visit the house for such purpose, admits of no doubt.

The fact that the character of the witnesses so testifying was, as claimed by defendant, bad and their evidence false and unworthy of belief, or that defendant's reputation, as shown by two of his Chinese friends, was good, are not questions affecting the judgment to be considered by the court upon appeal.   Neither is there any merit in the contention that the prosecuting witness was not an inmate of the house. In our opinion, it would place a too narrow construction upon the term "inmate of a house of prostitution," as it is used in the statute, to say A. B.'s visits there under the circumstances shown did not constitute her an inmate.   It is unnecessary, however, to determine the question, since under the statute the offense is complete where one procures a female person "to enter any place in which prostitution is encouraged or allowed"; and it clearly appears that the practice of prostitution was encouraged and allowed by defendant in this rooming house of which he was proprietor.   There could be no stronger evidence that it was a house of prostitution.

It is next contended that the court erred in permitting to be introduced in evidence a confession of defendant made to one

Joseph C. Nardini, a United States immigration inspector, whose official duty it was, under the circumstances, to make inquiry into the offense charged against defendant for the purpose of ascertaining whether or not he had violated the provisions of the laws of Congress. The record shows that the inspector called upon defendant at the county jail, presented to him the warrant issued by the United States authorities, advised him of the nature of the proceedings, told him that he need not answer any incriminating questions, and asked: ''Didn't they (the police) charge you with receiving money from the girls that were caught practicing prostitution by them in your house on that evening?'' to which the defendant answered, ''Yes.'' He was then asked: ''Is that charge true or not?'' which question was accompanied by the statement: ''You don't have to answer that if you don't wish to. Do you wish to answer it?'' to which defendant answered, ''Yes.'' ''Q. Each one of these girls stated that they paid you 75 cents every time they had sexual intercourse with a Chinaman; is that true or not? A. Yes. Q. Those girls said they had practiced prostitution, and they said they paid you 75 cents for the use of the room; is that true? A. Yes.'' There is absolutely nothing in the record tending to show that these answers were made under duress or by reason of any inducement or promise held out to defendant as a consideration for making them. They were freely and voluntarily made, and the objection here urged to the admission of the statement finds no support in the record. (*People* v. *Eslabe,* 127 Cal. 243, [59 Pac. 577].)

Appellant insists the court erred in giving to the jury certain instructions requested by the prosecution. In reply to this contention it is sufficient to say that the record discloses no instructions given at the request of the prosecution. For aught that appears from the record, the instructions as to the giving of which appellant complains may have been given at his own request. Where a defendant urges error predicated upon the giving of erroneous instructions it devolves upon him to show affirmatively that such instructions were not given at his request. In the absence of such affirmative showing the court cannot indulge the presumption that the trial court erred. (*People* v. *Casselman,* 10 Cal. App. 234, [101 Pac. 693].)

Defendant requested the court to give instructions. which, as stated in the record, covered twenty-six pages, and now urges that the court erred in refusing to give a number of these instructions. An examination of the instructions given shows that the jury was fully and fairly instructed upon every phase of the case, and while some of the instructions requested by defendant embody proper and correct statements of the law applicable to the case, the subjects thereof appear to have been fully and fairly covered by the instructions given; hence defendant's substantial rights could not have been prejudiced by the refusal of the court to give the same.

Appellant cites a great many authorities in support of the alleged error that the court abused its discretion in limiting the argument to the jury made by defendant's counsel to thirty minutes, and refusing defendant's request for additional time in which to present such argument. There is absolutely nothing in the record which discloses such action on the part of the court, and without a showing of such error the question becomes a mere abstract proposition which will not be considered by this court.

Other errors are predicated upon rulings of the court upon the admission of testimony. Conceding that the court might properly have ruled otherwise, the matters are trivial and the rights of defendant in no event could have been prejudiced thereby.

The record discloses no merit in the appeal, and the judgment and order are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.