[Crim. No. 3080.   Second Appellate District, Division Two.—April 11, 1938.]

THE PEOPLE, Respondent, v. J. F. McCARTHY, Appellant.

Paul Taylor for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—This is an appeal from a conviction of grand theft from the person and from the order denying a motion for a new trial. Viewing the evidence most favorable to the People, which it is our duty to do, there had been some complaints about police officers ''rolling drunks'' in the district where the crime took place, and at about 3 o'clock A. M., W. C. Tilden drove out and parked his car at the side of the road, with the right front wheel over the curb. He had fifteen dollars in money, the numbers of which had been expressly taken, which consisted of two five-dollar bills and five one-dollar bills. Tilden then poured some whiskey on the front of his shirt, washed his mouth out with it and spilled a little on the front of the car. He did not swallow any of the liquor. The money, the numbers of which had been previously noted, was in his right front pants' pocket.

Within five minutes the defendant, a police officer, and his associate came along in a police traffic car. The two officers then came over to Tilden, flashed their lights on him and asked his name. Tilden simulated drunkenness. He mumbled around. One of the officers told the other that he had better drive Tilden off the curb, that it was kind of a bad place, and this was done. One of the officers went to the right side of the car and one to the left. Both of them asked him questions for identification. At this time they began searching him, and the officer on the right searched all his pockets, coat and pants. When the officer put his hand into the right front pocket of Tilden's pants he said to the

other officer, "Well, he has got money anyway," and took it, and then immediately thereafter they closed the doors and left without speaking another word. Tilden did not give anyone permission to take the money, and the officers took the money without his consent. Some time later in the same night the defendant and his partner were searched. The defendant had seven dollars of the identical money in his wallet, and his partner had eight dollars.

The defendant in his appeal brings forward his own testimony. He testified that he did not hear any conversation between Tilden and his partner Ryan. He denied hearing Ryan say, "Well, he has got money anyway." He denies that he saw any money at all while he was at Tilden's car, but that after they had gone several blocks from the car Ryan handed him the money and said that he had found it on the curb. "And that is all that was said about it. He gave me some money and I stuck it here, in my shirt pocket; and, when I got home, I took it out of my shirt pocket and put it in my wallet." Relying upon this evidence, the defendant contends that a conviction cannot be had without any evidence or proof of the intent to commit the offense, and contends that if a defendant had no knowledge of a theft until after its commission, even though he later received the stolen goods into his possession, he cannot be guilty of theft.

The trouble with the defendant's position is that on appeal this court cannot rely upon his testimony. It is the duty of this court to view the evidence most favorable to the People, and under this evidence, as above set forth, there was substantial evidence that the defendant took part in the perpetration of the crime. It is sufficient if a felonious intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. (Pen. Code, sec. 21.)

The defendant next contends that there can be no conviction of grand theft from the person without any evidence or proof of the taking or carrying away by this appealing defendant. What we have already said is applicable to this contention also.

He next contends that a conviction of grand theft from the person cannot be sustained when the appealing defendant did not know of any taking until after it had hap-

pened. What we have already said is an answer to this contention also.

The defendant next contends that the mere possession of stolen property cannot support the conviction of grand theft from the person, and further, that where two persons are joined as defendants and there is no charge of conspiracy and no evidence thereof, and one defendant has no knowledge of any theft until after its alleged commission and did not participate and did not have knowledge of any taking, a conviction cannot be sustained as to the one defendant who did not participate in said taking. Both of these contentions are based upon the defendant's review of the defendant's own testimony. There is substantial evidence in the record from which the inferences may be drawn that the defendant participated in the crime. In the case of *People* v. *McClain,* 115 Cal. App. 505 [1 Pac. (2d) 1085], the court said at page 507 " . . . when money is stolen, proof that a part of it, on the following day, was found on the person of another in the vicinity, certainly tends, when not satisfactorily explained, to raise a presumption that he is the guilty party; and if an explanation is attempted by the accused, it is for the jury to judge of its truth and plausibility."

On cross-examination the defendant asked Tilden what his instructions were. The instructions had been given to him orally. He related them. On redirect examination the district attorney asked Tilden the entire circumstances of his instructions. The defendant now contends that this evidence should not have been admitted. When a part of a declaration, conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other. (Code Civ. Proc., sec. 1854; 10 Cal. Jur. 1080.)

Finally, the defendant contends that the court erred in denying his motion for new trial, but such contention is merely a further presentation of the contentions which have already been raised and which have been adequately covered herein.

The judgment and order denying new trial are affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 22, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1938.