[Crim. No. 3002. First Dist., Div. One. Nov. 5, 1954.]

THE PEOPLE, Respondent, v. WALLACE QUOCK WONG, Appellant.

554

James Martin MacInnis, Nicholas Alaga and William J. Gintjee for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Defendant was convicted of the crime of pandering, a violation of chapter 14 of the Statutes of 1911, page 9, Deering's General Laws, Act No. 1906, now section 266i of the Penal Code.

(1) *One of his assignments of error is the admission of evidence of similar crimes.*

■ The events in suit took place at a hotel operated by the defendant. Two police officers testified that this hotel has a reputation as a house of prostitution. That testimony bore directly upon one of the issues in the case, the question whether this was a "house of prostitution." The statute defines a panderer as one who procures a female inmate for a "house of prostitution" or who induces, persuades or encourages a female person to become an inmate of a "house of prostitution" or who procures for such a person a place as an inmate of a "house of prostitution" or of any place in which "prostitution is encouraged or allowed." Evidence of reputation is proper on such an issue. (*People v. De Martini*, 25 Cal.App. 9, 10-11 [142 P. 898] ; *People v. Busby*, 40 Cal.App.2d 193, 199 [104 P.2d 531].)

■ Upon cross-examination of one of the officers who testified concerning such reputation, defendant developed the fact that upon one occasion he was arrested as a keeper of a house of prostitution at this hotel. That, if error, was invited error of which defendant cannot complain. (*People v. Simmons*, 28 Cal.2d 699, 722 [172 P.2d 18].) ■ The police officer next called was asked by the state to relate the circumstances of that arrest. He testified that he went to the hotel one time,

contacted defendant and arranged with the latter for a room, and for the services of a prostitute. The state, relying upon section 1854 of the Code of Civil Procedure and *People* v. *McCarthy*, 25 Cal.App.2d 667 [78 P.2d 252], claims it was proper for the state to inquire into the whole subject after part of it had been given in evidence by the defendant. That position seems sound. Defendant has indicated no reason why it is not.

A person who admitted she was a prostitute testified she had worked for the defendant in prostitution at the same place under an arrangement similar to that narrated by the prosecuting witness in describing her employment by the defendant. That evidence of a prior crime of a similar, virtually identical, character, is of value and admissible in that it tends to show a general plan, scheme or design which is of some direct probative value in proving that the crime of which defendant is charged was in fact committed by him. This court had occasion to consider this question, in a case which involved a prosecution for rape. We discussed the significant factors and leading decisions. (*People* v. *Cassandras*, 83 Cal.App.2d 272, 279-282 [188 P.2d 546].) That discussion is applicable here and need not be repeated. (See also *People* v. *Nye*, 38 Cal.2d 34, 37-38 [237 P.2d 1].)

We must bear in mind, too, that all of this evidence was relevant to the question whether this was a "house of prostitution" or a "place in which prostitution is encouraged or allowed." In *People* v. *Jan You*, 26 Cal.App. 148, 149 [146 P. 63], the court observed that it clearly appeared "that the practice of prostitution was encouraged and allowed by defendant in this rooming house of which he was proprietor," and commented, "There could be no stronger evidence that it was a house of prostitution." As said in *People* v. *Torres*, 98 Cal.App.2d 189, 192 [219 P.2d 480], the "general test of relevancy is whether the evidence tends logically, naturally, and by reasonable inference to establish any fact material for the People or to overcome any material matter sought to be proved by the defense. If it does, then the evidence is admissible whether or not it embraces the commission of another offense and whether the other crime be similar or dissimilar. (*People* v. *Peete*, 28 Cal.2d 306, 315 [169 P.2d 924].)"

(2) *Did the district attorney commit prejudicial misconduct in his argument to the jury?*

Defendant complains that the district attorney told the jury

his proof in the case was complete as soon as a common scheme on the part of the defendant had been shown. The district attorney made no such statement. He merely gave a fair summary of the evidence. Defendant interposed no objection to that portion of the argument.

■ Defendant refers to statements that "we don't go around . . . calling people prostitutes and . . . panderers and calling hotels houses of prostitution willy-nilly" and "officers of our police department do not call men keepers of houses of prostitution unless they have earned that and they are entitled to it." He assigns those as expressions of personal opinion, but read in their context they clearly were but fair comment based upon evidence in the case. (See *People* v. *Eggers*, 30 Cal.2d 676, 693 [185 P.2d 1] ; *People* v. *Acuff*, 94 Cal.App.2d 551, 558 [211 P.2d 17].) Also, defendant interposed no objection of any kind.

■ Defendant characterizes as inflammatory appeals to passion or prejudice, statements that defendant is a wholesale peddler of fallen women, that a man who will live off the earnings of fallen women is of the lowest order, and similar statements. But all of this was said by way of comment upon the evidence and found support in the evidence and inferences which may reasonably be drawn therefrom. We find no error here. (See *People* v. *Lamendole*, 119 Cal.App.2d 570, 573 [259 P.2d 982].) Again, defendant made no objection.

■ In his rebuttal argument the district attorney explained why he had not called one Chris Costa* as a witness. He prefaced these remarks with the statement that "counsel says . . . 'why wasn't Costa brought here?' " and defendant's counsel did not then or later deny asking such a question. So, although defendant's argument to the jury has not been included in the record (defendant requested inclusion of the prosecution's arguments but not his own) it does appear that the subject was introduced by the defendant himself.

The gist of the district attorney's explanation was that Costa would not be a reliable witness; also, that Costa was equally available to the defense and yet the defense did not call him. As provocator, defendant cannot very well object to having the question thrown back at him.

■ Defendant's counsel objected to some portion of the district attorney's explanation, as implying that defense

---

*The complaining witness testified that she first contacted defendant Wong at the request of Costa, with whom she was living. It also appeared that Costa was in jail at the time of trial.

counsel was not honest. The trial judge ruled: "It is just argument. The jury will decide the case on the facts they heard"; again, that "this is just argument and the jury understands that." We cannot say from the record that the trial judge was in error. (See *People* v. *Cordish,* 110 Cal.App. 486, 498 [294 P. 456].)

The district attorney said he could see no excuse for a "man like Quock Wong, a graduate engineer, who throws all of his talents in engineering to running a house of prostitution" and "when he sits in front of you, a college graduate,* and has to have every second question repeated so he might think out the answers in the same breath . . ." Defendant objected to the latter portion of the statement as not so. The court ruled: "Well, the jury observed the manner of all the witnesses as they testified, and they will be able to draw their own conclusions. He may argue in reference to this matter." (Defendant did upon a number of occasions ask that a question be repeated, before undertaking to answer it.)

We conclude that the prosecutor in his argument to the jury did not transgress the bounds of permissible comment upon the evidence. The scope of such comment is aptly defined in *People* v. *Planagan,* 65 Cal.App.2d 371, 407-408 [150 P.2d 927].

(3) *Was it prejudicial error for the court to fail, upon its own motion, to instruct the jury to view with caution the testimony of the complaining witness?*

This is the type of case in which the classic cautionary instruction (such as CALJIC No. 510 or No. 527) should be given, as recently held in *People* v. *McGhee,* 123 Cal.App.2d 542 [266 P.2d 874], a prosecution for the similar crime of pimping. The state contends that pandering is not at all similar to pimping and does not involve any of the emotional aspects of the latter. That might be true in some cases but not in this, where the similarity is marked. Here, the complaining witness testified that she was a minor of 18 years; attended at defendant's hotel each evening at about 6 or 6:30 and remained until about 5:30 a. m.; and went to various rooms from time to time as and when directed by the defendant. Upon entering a room she collected the fee, not less than the $10 minimum set by the defendant, and then stepped out into the corridor and paid the entire fee over to the defendant before returning and serving the customer. Upon leaving

---

*There was evidence that Wong was a university engineering graduate.

the hotel each morning she stopped at the office and collected from the defendant her portion of the fees, 30 per cent of the total which had been collected that night.

 The failure to give the classic precautionary instruction was error but not necessarily prejudicial error. Here, there are no inconsistencies in the prosecuting witness' testimony, nor is that testimony inherently improbable. It is strengthened, if not corroborated in the strict sense of the latter term, by the evidence of similar conduct and methods of operation by the defendant in other instances at the same place, coupled with the evidence of the reputation of the hotel as a house of prostitution or place where prostitution is encouraged or allowed. These are factors which our courts have considered significant when concluding that failure to give the cautionary instruction was not prejudicial. (See *People* v. *Nye, supra,* 38 Cal.2d 34, 40-41; *People* v. *Stangler,* 18 Cal.2d 688, 693-694 [117 P.2d 321]; *People* v. *Lucas,* 16 Cal.2d 178, 181-183 [105 P.2d 102, 130 A.L.R. 1485].) We conclude, in the words of the court in the Nye case, that a ''careful examination of the entire record in accord with article VI, section 4½ of the California Constitution, leads us to the conclusion that it is improbable that the jury would have rejected the testimony of the prosecuting witnesses had a cautionary instruction been given and that there has therefore been no miscarriage of justice requiring reversal of the judgment.'' (P. 41 of 38 Cal.2d.)

The judgment and the order appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.