[Crim. No. 3024.   Third Dist.   Aug. 23, 1960.]

THE PEOPLE, Respondent, v. ROBERT ALBINO, Appellant.

John P. Carson, under appointment by the District Court of Appeal, for Appellant.

*Assigned by Chairman of Judicial Council.

Stanley Mosk, Attorney General, Doris H. Maier and John F. Foran, Deputy Attorneys General, for Respondent.

PEEK, J.—By an information defendant was charged with a violation of section 496 of the Penal Code, in that he purchased and received certain stolen property consisting of several bottles of liquor, together with a quantity of cigars and cigarettes, knowing the same to be stolen. At the conclusion of the trial the jury found him guilty as charged, and judgment was entered in accordance therewith.

Defendant does not question the sufficiency of the evidence to sustain the conviction. His sole contention on appeal is that the trial court erred in admitting the physical evidence, because it was procured by means of an unlawful search and seizure in that there was no probable cause for the arrest. We find no merit in this contention.

The facts pertinent to the issue raised show that during the late evening hours on May 1, 1959, and the early hours of the following day, defendant and one McClain were observed on several occasions driving around the city of Lakeport in the latter's Buick automobile. Shortly after 2 a. m. on May 2, 1959, a grocery store located in Lakeport was burglarized and several bottles of liquor and a number of packages of cigars and cigarettes were taken. At approximately 2:30 a. m. Deputy Sheriff Clay, who was looking for the car, saw the defendant and McClain traveling in a northerly direction away from Lakeport. When Clay brought the car to a halt McClain was behind the wheel and the defendant was sitting next to him in the front seat. The officer asked McClain if they had any whiskey in the car, which question McClain answered in the negative. Clay then asked McClain if he minded if he searched the car, to which he replied, ". . . go right ahead." No objection was made by the defendant at this time or at any other time during the course of the search. When Clay shined his flashlight through the window of the car he observed several bottles of liquor, as well as a number of packages of cigars and cigarettes, on the floor, all of which were partially hidden under a red jacket. At about this time Officer Sperling of the Lakeport Police Department arrived at the scene. He had observed the defendant and McClain on several occasions during that evening while they were driving around the city. Sperling in turn made a detailed search of the automobile, following which the defendant and McClain were returned to Lakeport where they were booked on suspicion of burglary.

There is little doubt that evidence obtained through an illegal search and seizure may be excluded upon proper objection. (*People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].) ▮ However, where there has been consent to the search, it cannot be considered to be either illegal or unreasonable. (*People* v. *King*, 175 Cal.App.2d 386 [346 P.2d 235].) ▮▮ Further, whether consent was given to the search and whether, if given, the search was voluntary, are questions of fact for determination of the trial court. (*People* v. *Zavaleta*, 182 Cal.App.2d 422 [6 Cal. Rptr. 166].) In the present case the evidence is uncontradicted that McClain authorized the arresting officer to search the automobile, and since it was clearly established at the trial that the automobile was owned by him, there can be no question of his power to permit the search. Although not mentioned in the statement of facts in his opening brief, counsel for defendant admits in his closing brief that the consent was, in fact, given, but contends that it was not binding on either party as McClain was so intoxicated that the consent was not freely given. As mentioned above, this was a fact question for the trial court, and there is ample evidence in the record to the effect that McClain was in complete control of his senses at the time he consented to the search.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.