[Crim. No. 2650.   Fourth Dist., Div. One.   Mar. 28, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. RUBY EVANS, Defendant and Appellant.

J. Perry Langford, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Ruby Evans appeals from a judgment of conviction entered upon jury verdicts on three counts of pandering (Pen. Code, § 266i). Pandering is a felony.

In October 1965, Ruby Evans introduced herself to Judy Ann Lay and Barbara Jean Lynch, two minors who had run away from a foster home. Ruby persuaded them to work for her as prostitutes in a hotel room Ruby rented and used as a house of prostitution. In February 1966, Ruby again persuaded Barbara to work for her as a prostitute in the same hotel room.

In February 1966, Ruby arranged bail for Linda K. Morgan. Linda decided to work as a prostitute to meet the bail bond premium. Ruby provided a hotel room for Linda's activities. After her arrest, Linda asked a policewoman to pick up some clothing she left at Ruby's residence. At the residence, a young man, identifying Ruby as his aunt, said he lived there, and permitted the policewoman to enter and get the clothes.

Ruby contends the trial court erred by refusing to instruct that in a pandering transaction, there must be a procurer who is not the keeper of the house of prostitution. Ruby reasons: 1) The Legislature has adopted a general scheme for the regulation of sexual activity (*In re Lane*, 58 Cal.2d 99 [22 Cal. Rptr. 857, 372 P.2d 897]) ; 2) the general scheme distinguishes between misdemeanors, the ordinary acts of persons traditionally involved in prostitution activity (e.g., Pen. Code, §§ 315,

316, 318, 647, subd. (b)) and felonies, acts involving aggravated features like force, fraud, or taking advantage of the young and innocent (e.g., Pen. Code, §§ 266, 266a, 266b, 266d through 266i) (*People* v. *Smith,* 44 Cal.2d 77 [279 P.2d 33]) ; 3) keeping a house of prostitution encourages inmates to remain ; 4) if the encouragement incident to keeping is pandering, all keeping is pandering, the misdemeanor sections of the Penal Code dealing with keeping are nullities, and the legislative scheme is destroyed.

Ruby, however, was prosecuted for enticing Judy, Barbara and Linda into becoming inmates in her house of prostitution, and not for encouraging them to remain. ■ Ruby kept a house of prostitution, a misdemeanor. When she aggravated the keeping by procuring new inmates, she pandered. (*People* v. *Brown,* 61 Cal.App. 748 [216 P. 58] ; *People* v. *Jan You,* 26 Cal.App. 148 [146 P. 63] ; see *People* v. *Mitchell,* 91 Cal.App. 2d 214 [205 P.2d 101] ; *People* v. *Montgomery,* 47 Cal.App.2d 1 [117 P.2d 437].) ■ The trial court properly refused the instruction that there must be a procurer separate from the keeper. Whether keeping necessarily encourages inmates to remain and, if so, whether all keepers are necessarily panderers are questions not raised by the facts of this case.

Ruby also contends the policewoman unlawfully searched her residence and seized Linda's clothes. ■ A search is lawful if the police reasonably and in good faith believe the person who consented had authority to consent. (*People* v. *Smith,* 63 Cal.2d 779, 799 [48 Cal.Rptr. 382, 409 P.2d 222] ; *People* v. *Ortiz,* 210 Cal.App.2d 489 [26 Cal.Rptr. 677] ; *People* v. *Albino,* 184 Cal.App.2d 84 [7 Cal.Rptr. 246] ; *People* v. *Howard,* 166 Cal.App.2d 638 [334 P.2d 105].) ■ Ruby's nephew, who lived with her, permitted the policewoman to enter. This evidence is sufficient to support the conclusion of the trier of the facts that the policewoman reasonably and in good faith believed he had authority to consent.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied April 18, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 24, 1967.